UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                             Civil No. 1:22-cr-00043-JL
                                                 Opinion No. 2022 DNH 102

Juan Israel Vera

**SUMMARY ORDER**

After consideration of the parties' written submissions and holding an evidentiary hearing and oral argument, the court, applying the heightened Arlington Heights[1] standard, follows the abundant nonbinding authority on the issue, and denies Defendant Juan Israel Vera's motion to dismiss the indictment.[2]  See, e.g., United States v. Barrera-Vasquez, No. 2:21CR98, 2022 WL

---

[1] See Village of Arlington Heights v. Met. Housing Development Corp., 429 U.S. 252 (1977). The Supreme Court of the United States has held that courts have limited judicial review over immigration matters, including the admission and exclusion of foreign nationals, because "the power over aliens is of a political character." Hampton v. Mow Sun Wong, 426 U.S. 88, 101 n. 2, (1976); see also Trump v. Hawaii, 138 S. Ct. 2392, 2418 (2018) ("For more than a century, this Court has recognized that the admission and exclusion of foreign nationals is a 'fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control.'") (quoting Fiallo v. Bell, 430 U.S. 787, 792 (1977)); Kleindienst v. Mandel, 408 U.S. 753, 765 (1972). "The reasons that preclude judicial review of political questions . . . also dictate a narrow standard of review of decisions made by the Congress or the President in the area of immigration and naturalization." Mathews v. Diaz, 426 U.S. 67, 81-82 (1976). These decisions do not distinguish between civil and criminal immigration laws. See United States v. Ferreira, 275 F.3d 1020, 1026 (11th Cir. 2001) (rejecting argument that criminal law applicable to noncitizens should be subject to strict scrutiny and noting that the "Supreme Court did not limit is holding in Mathews to civil cases").  Thus, this court could supportably join the many cases upholding § 1326's constitutionality under the rational basis framework.  At the same time, because the nature of Vera's equal protection claim and his presence within the United States weigh in favor of applying the Arlington Heights standard to his challenge, the court assumes that the stricter standard applies.  See Dep't of Homeland Sec. v. Regents of the Univ. of Cal., 140 S.Ct. 1891, 1915-16 (2020) (plurality opinion) (applying Arlington Heights to equal protection challenge against an immigration policy).

[2] Doc. no. 17.

3006773 (E.D. Va. July 28, 2022); United States v. Maldonado-Guzman, No. 21 CR 448 (CM), 2022 WL 2704036 (S.D.N.Y. July 12, 2022); United States v. Santos-Reynoso, No. 21-CR-268-LTS, 2022 WL 2274470 (S.D.N.Y. June 23, 2022); United States v. Crespo-Castelan, No. 22 CR. 009 (JFK), 2022 WL 2237574, at *4 (S.D.N.Y. June 22, 2022); United States v. Portillo-Orosco, No. 2:20-CR-54-RMP-1, 2022 WL 1432532 (E.D. Wash. May 5, 2022); United States v. Ramirez-Aleman, No. 21CR3403-BEN, 2022 WL 1271139 (S.D. Cal. Apr. 27, 2022); United States v. Cortez-Mendoza, No. 2:20-CR-131-RMP-1, 2022 WL 706917, at *2 (E.D. Wash. Mar. 8, 2022); United States v. Munoz-De La O, No. 2:20-CR-134-RMP-1, 2022 WL 508892 (E.D. Wash. Feb. 18, 2022); United States v. Hernandez-Lopez, No. H-21-440, 2022 WL 313774 (S.D. Tex. Feb. 2, 2022); United States v. Sanchez-Felix, No. 21-cr-00310-PAB, 2021 WL 6125407 (D. Colo. Dec. 28, 2021); United States v. Rivera-Sereno, No. 2:21-cr-129, 2021 WL 5630728 (S.D. Ohio Dec. 1, 2021); United States v. Amador-Bonilla, No. CR-21-187, 2021 WL 5349103 (W.D. Okla. Nov. 16, 2021); United States v. Samuels-Baldayaquez, No. 4:20 CR 83, 2021 WL 5166488 (N.D. Ohio Nov. 5, 2021); United States v. Suquilanda, No. 21 CR 63 (VM), 2021 WL 4895956 (S.D.N.Y. Oct. 20, 2021); United States v. Orozco-Orozco, No. 21-CR-023459-TWR, 2021 U.S. Dist. LEXIS 178951 (S.D. Cal. Sept. 20, 2021); United States v. Novondo-Ceballos, 554 F. Supp. 3d 1114 (D. N.M. 2021); United States v. Machic-Xiap, 552 F. Supp. 3d 1055 (D. Or. 2021); United States v. Wence, No. 3:20-CR-0027, 2021 WL 2463567 (D. V.I. June 16, 2021); United States v. Gutierrez-Barba, No. CR-19-01224-001-PHX-DJH, 2021 WL 2138801 (D. Ariz. May 25, 2021); United States v. Medina Zepeda, No. CR 20-0057 FMO, 2021 WL 4998418 (C.D. Cal. Jan. 5, 2021); United States v. Palacios-Arias, No. 3:20-CR-62-JAG (E.D. Va. Oct. 13, 2020); see also United States v. Salas-Silva, No. 320CR00054RCJCLB, 2022 WL 2119098, at *2 (D. Nev. June 13, 2022) (upholding § 1326 under rational basis review); United

States v. Maurico-Morales, No. CR-21-298-R, 2022 WL 99996, at *1 (W.D. Okla. Jan. 10, 2022) (same); Rivera-Sereno, 2021 WL 5630728, at *4 (same); Samuels-Baldayaquez, 2021 WL 5166488, at *2 (same); Novondo-Ceballos, 554 F. Supp. 3d at 1120-21 (same); but see United States v. Carrillo-Lopez, 555 F. Supp. 3d 996, 1000 (D. Nev. 2021) (finding § 1326 unconstitutional).

The court reviewed the affidavits and supporting materials submitted by Professors Fish and Kang,[3] and carefully considered their testimony, but concurs with the courts finding that their evidence does not satisfy the showing required to demonstrate the unconstitutionality of § 1326. See Maldonado-Guzman, 2022 WL 2704036, at *5 ("the Court finds that Maldonado's evidentiary proffer [which included similar affidavits from Professors Fish and Kang] insufficient to establish under the Arlington Heights standard that discriminatory animus was a motivating factor in the enactment of the statute."); Santos-Reynoso, 2022 WL 2274470, at *6 (reaching same conclusion based on evidence submitted by Professors Fish and Kang); Hernandez-Lopez, 2022 WL 313774, at *5 (finding the defendant's historical evidence, which included an affidavit from Professor Kang, so "remote from the 1952 Congress" that "its probative value as to the motivations of the [later] Congress [was] limited" and finding that the defendant "had not pointed to evidence of racism motivating the reenactment of § 1326, as opposed to other provisions of the 1952 Act"); Crespo-Castelan, 2022 WL 2237574, at *4 ("Having reviewed the arguments and evidence [which included the "work" of Professor Kang] offered by Crespo-Castelan, as well as the numerous cases cited by the Government, the Court concludes that Crespo-Castelan has failed to demonstrate that racial animus was a motivating

---

[3] See doc. nos. 27-1 and 27-2.

3

factor behind the enactment of 8 U.S.C. § 1326."); Barrera-Vasquez, 2022 WL 3006773, at *6 ("Absent from the record [which included an affidavit from Professor Kang], however, is any meaningful evidence reflecting the motivations of the Congress who passed § 1326 or any of its subsequent reauthorizations and amendments. . . The record, largely dedicated to analyzing the history of a discrete piece of legislation and significant historical events untethered to the legislators who passed the INA, does not reveal that anti-Latinx sentiments motivated Congress to pass § 1326."); Munoz De La O, 2022 WL 508892, at *13 (rejecting Professor Kang's analytical assumptions and criticizing her opinions as "speculative," "subjective" and unsupported by "any sort of scientific method or basis").

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: August 29, 2022

cc: Anna Dronzek, AUSA
      Behzad Mirhashem, Esq.